## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Donald Kopchak, Task Force Officer of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), herein after referred to as Affiant, being duly sworn, do hereby depose and state as follows:

### Affiant's Background and Qualifications

1. Affiant is a duly sworn Task Force Officer of the ATF.  As such, Affiant is empowered to conduct investigations of and to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code that is, a task force officer engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. Affiant has been involved in the investigation of various individuals and organizations involved in the illegal manufacturing, distribution, and use of controlled substances and firearm violations.  Affiant has conducted surveillance operations and has become familiar with the methods used by individuals engaged in the illegal manufacturing, distribution, and use of controlled substances and firearm violations.  Affiant has been lead investigator or has participated in many criminal investigations involving violations of Ohio drug and firearm laws.  Affiant has executed many search warrants related to illegal drug and firearm operations.

3. Based on Affiant's experience, Affiant knows that while some drug traffickers attempt to keep their drug trafficking activities separate from their residences, many drug traffickers conduct their drug trafficking activities at locations where they reside and as a result retain evidence relating to drug trafficking therein.  Regardless of where drug traffickers conduct their drug activities, drug traffickers typically keep records, papers, documents and other

evidence of such trafficking offenses at locations where the items can be readily accessed, to include the drug trafficker's place of residence.

4.    Affiant also knows that the sale of illegal drugs is mostly conducted on a cash basis and that persons involved in the regular trafficking of drugs often maintain control over significant amounts of currency, as both "working capital" and as "profits", at their places of residence and/or other properties they control.

5.    Drug traffickers commonly utilize vehicles to transport drugs and proceeds from drug sales, to include U.S. currency, between various locations. To avoid detection and confiscation, the vehicles used to transport both drugs and currency are often outfitted with hidden compartments designed to conceal the money or contraband.

6.    Affiant knows that it is common for drug trafficking organizations ("DTOs") to use cellular telephone text messaging features to communicate with associates relating to the logistics of their drug trafficking business. Affiant is also aware that DTOs commonly use pre-paid telephones, which require little or no subscriber information, to avoid law enforcement detection and interception. Affiant knows that those involved in illegal drug operations or other criminal conduct use slang and/or coded language when communicating about drug matters.

7.    Affiant is aware that individuals involved in drug trafficking often maintain records linking them to their trafficking activity and their drug trafficking associates. These records may include notes, records or ledgers of drug sales, past or future shipments, and other records, including telephone records, which identify customers and/or other co-conspirators. These records may be stored physically or digitally on computers or other electronic devices or media. Affiant knows that drug traffickers often maintain such records at their place of residence

2

even when the residence is not being used to store drugs or to conduct drug sales or other drug activity.

8.      Affiant's knowledge of the facts alleged in this affidavit are based on conversations with other law enforcement officers, including: ATF agents/officers; information received from law enforcement databases; and from Affiant's personal participation in the investigation.

9.      This Affidavit is offered in support of a Criminal Complaint against Defendants CHARLES BEARD and BRALYNN RANDALL with Title 21 United States Code, Section 846, Conspiracy to Possess with Intent to Distribute Controlled Substances and Title 21, United States Code, Section 841(a)(1), possession of a controlled substance with the intent to distribute.  As further detailed below, your Affiant submits that there is probable cause to believe that CHARLES BEARD and BRALYNN RANDALL conspired to distribute controlled substances from 11408 Fairport Avenue, Cleveland, OH.

## PROBABLE CAUSE

10.      In early 2020, your Affiant received information from a confidential informant ("CI") that a large amount of crack and marijuana were being sold from 11408 Fairport Avenue, Cleveland, OH ("11408 Fairport").

11.      During the week of March 2, 2020, using a CI, your Affiant arranged a controlled buy of crack cocaine from a male known to the CI as Tiggs. During that controlled buy, your Affiant observed a Chevy Silverado with Ohio plate PXK-3243, in the drive way of 11408 Fairport. Your Affiant confirmed that Charles BEARD was the renter of that Silverado.

12.      During the controlled buy, BEARD was seen walking a dog and going in and out of 11408 Fairport.  During the controlled buy, CI bought crack cocaine from a man who went

3

by Tiggs, but was later identified as Bralynn RANDALL. CI stated that BEARD was present during the buy and that large amounts of marijuana and crack cocaine were in plain view inside 11408 Fairport during the controlled buy.

13.     Your Affiant and CI arranged another controlled buy from RANDALL during the week of March 9, 2020. During the buy, the CI went to 11408 Fairport and bought crack cocaine from RANDALL. CI stated again that BEARD was present and that narcotics were in plain view inside 11408 Fairport.

14.     During the next several days after the second controlled buy, your Affiant conducted of surveillance on 11408 Fairport and observed BEARD installing a video surveillance camera system.  Your Affiant also observed approximately 10 to 12 people arrive at 11408 Fairport, stay for a few minutes, and then exit. In your Affiant's training and experience, this is common practice when a residence is trafficking narcotics.

15.     On March 13, 2020, your Affiant and Cleveland Police and SWAT executed a search warrant at 11408 Fairport. During surveillance prior to the execution of warrant, Detectives observed a Silver Kia SUV with North Carolina plate HBX-2863 pull into the driveway of 11408 Fairport. Detectives observed Charles BEARD exit the Kia and walk to the door and use a key to enter 11408 Fairport. Detectives noticed a short time later Braylynn RANDALL walked to the residence and walked into 11408 Fairport. After a few minutes RANDALL walked out of the residence went to the Silver Kia and pulled out a large brown and black bag and then went back into the residence.

16.     A few minutes later, RANDALL exited 11408 Fairport and got into the silver Kia and went east bound on Fairport. Cleveland police officers stopped RANDALL a few blocks away and confiscated a bag of marijuana and brought RANDALL back to 11408 Fairport.

4

17.     While CPD officers were stopping RANDALL, Cleveland SWAT made entry into the residence. While making entry, BEARD ran down the steps to the bottom level and then a few minutes later tried to exit the rear door in order to escape. BEARD was detained and advised of his Miranda rights. Once SWAT cleared the residence they advised your Affiant that a large amount of crack and marijuana was in plain view. Your Affiant went and advised RANDALL of his Miranda rights, which he stated he understood. RANDALL admitted to your Affiant that he sells "drugs," "the crack is mine," and the firearm was "mine" and that he needed it because it was a bad neighborhood.

18.     Inside of 11408 Fairport, Detectives confiscated 90 grams of crack cocaine, a large quantity of marijuana, and two firearms – a Glock 19 bearing serial number BFSW075, loaded with 30 round magazine, and a FN FNS-9C bearing serial number CSU0057500, loaded with 16 rounds.  Detectives and your Affiant observed most of the narcotics and the FN firearm on a table next to the door that BEARD and RANDALL walked in and out of numerous times throughout the two week investigation into 11408 Fairport. Finally, your Affiant located Charles BEARD's wallet with his Ohio ID on the table next to approximately 50 grams of crack cocaine and the FN FNS-9C bearing serial number CSU0057500 firearm.

## **CONCLUSION**

19.     For the foregoing reasons, your Affiant submits that there is probable cause in

support of a criminal complaint against Defendants CHARLES BEARD and BRALYNN

RANDALL with Title 21 United States Code, Section 846, Conspiracy to Possess with Intent

Distribute Controlled Substances and Title 21, United States Code, Section 841(a)(1), possession

of a controlled substance with the intent to distribute.

Donald Kopchak
Task Force Officer
Bureau of Alcohol, Tobacco, and Firearms

This affidavit was sworn to by the Affiant
by telephone after a PDF was transmitted
by email, per Crim R. 41(d)(3), on this
13th day of March, 2020.

JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE

6